## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY BOYCE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 23-cv-3175** |
| | ) | |
| JON LOFTUS, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Western Illinois Correctional Center ("Western"). (Doc. 1).

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff files suit against five Defendants, including Western's Medical Director Dr. Trusewych, dental assistant Cox, Administrative Review Board ("ARB") member Jon Loftus, the Illinois Department of Corrections ("IDOC"), and former IDOC Director Rob Jeffreys.

Plaintiff alleges he was denied appropriate dental care and mouthwash while incarcerated at Western. Plaintiff alleges Defendant Trusewych examined his teeth on an unspecified date in

2022 and told Plaintiff he had cavities, swollen gums, abscesses, and bleeding. Due to the seriousness of Plaintiff's dental condition, Defendant Trusewych directed dental staff to examine Plaintiff the same day.

Plaintiff's allegations against Defendant Trusewych are too tenuous for the Court to conclude that he was sufficiently involved in the alleged constitutional violations. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff cannot sue Defendant Trusewych just because he was in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

On September 26, 2022, Plaintiff saw Defendant Cox and the dentist, Dr. Catino, who was not named as a party. Plaintiff alleges Defendant Cox and Dr. Catino refused to prescribe mouthwash, did not refer Plaintiff to an outside specialist for a cleaning, and elected to extract his teeth instead of filling his cavities. Plaintiff has stated an Eighth Amendment claim against Defendant Cox and Dr. Catino for their alleged deliberate indifference to his serious dental needs. Dr. Catino will be added as a Defendant.

Plaintiff alleges Defendants Loftus and Jeffreys are liable because they knew about his need for dental care through grievances he filed and failed to ensure he received dental care. Plaintiff's allegations are not sufficient to show that Defendants Loftus and Jeffreys were personally involved in the alleged deprivations. *Vance*, 97 F.3d at 991. "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)); *see also Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). Plaintiff cannot sue Defendants Jeffreys and Loftus based on their

supervisory roles. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Defendants Jeffreys and Loftus are dismissed without prejudice for failure to state a claim.

Finally, the Eleventh Amendment bars Plaintiff's claim for damages against the IDOC, as the IDOC is not a "person" amenable to suit under § 1983. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Veal v. Illinois Dep't of Corr.*, No. 18-CV-0621-MJR, 2018 WL 3009265, at *2 (S.D. Ill. June 15, 2018). The IDOC is dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

**1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants Cox and Catino based on their alleged deliberate indifference to his serious dental needs. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2)      The Clerk is directed to ADD dentist Dr. Catino as a Defendant.**

**3)      Defendants Jeffreys, Loftus, and the IDOC are DISMISSED for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE them.**

**4)      Plaintiff's Motion to Seek Settlement Conference [5] is DENIED as premature; Defendants have not yet been served with or answered Plaintiff's Complaint.**

**5)      Plaintiff files a Motion to Clarify [6] stating that he might be released from Western. He asks the Court to appoint counsel to represent him and to pay the $402 filing fee in full from his prison trust fund account. Plaintiff has no constitutional or statutory right to counsel in this case. In considering Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?** *Pruitt v. Mote*, **503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not demonstrated what attempts he made to find his own attorney. Therefore, Plaintiff's request for counsel is DENIED with leave to renew. Plaintiff's request to pay the filing fee is moot; the Court received the $402 filing fee on July 3, 2023. [6] is DENIED.**

**6)      Plaintiff files a Motion for Permission to File Class Action Lawsuit [7] asking to file a class action against prison officials to improve prison conditions for thousands of**

3

inmates. This is not a class action lawsuit, as the Complaint was signed only by the Plaintiff. *See Bishop v. Austin*, 2022 WL 4387851, at *1 (C.D. Ill. Sept. 22, 2022). Moreover, a prisoner bringing a pro se action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11. Therefore, to the extent Plaintiff seeks to bring a class action, his request is denied without prejudice. Plaintiff may proceed only with claims which specifically relate to his incarceration, and he may not seek damages or relief for other inmates. [7] is DENIED.

7)      Plaintiff files a Motion to Clarify [9] stating the law library was closed for a week and, as a result, he filed original copies of his pleadings. Plaintiff asks the Court to send him copies of what he filed. The charge for copies is $0.50 per page. Plaintiff may contact the Clerk's Office to request and pay for any copies he desires. Plaintiff also requests an attorney; however, this request is denied for the reasons stated above. [9] is DENIED.

8)      Plaintiff's Motion to Notify Courts About Filing Fee [13] is MOOT. The $402 filing fee was paid in full on July 3, 2023.

9)      Plaintiff files a Motion With Newly Discovered Evidence [15] stating that after he filed his Complaint, he received new documentation showing the facility did not give him mouthwash and rarely sold mouthwash at commissary. Plaintiff attached copies of a grievance and medical records to his motion. The Court will not accept piecemeal exhibits. *See Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 964 (7th Cir. 2003) (Courts are "not required to incorporate [a plaintiff's] revised caption into an earlier submitted Complaint and accept the complaint piecemeal"). Exhibits are not necessary to the complaint, and the Court is not required to consider them at the pleading stage. *Fitzgerald v. Dep't of Corr.*, 07-C-61-C, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007). Plaintiff is permitted to use these exhibits, along with any other relevant supporting documents, at a later date in connection with a motion for summary judgment after the close of discovery. [15] is DENIED.

10)     This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

11)     The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)     Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until

Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

13)     If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

14)     This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

15)     Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

16)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

17)     Plaintiff shall be provided a copy of all pertinent medical records upon request.

18)     Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

19)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:     10/24/2023                              s/ James E. Shadid
                                                    James E. Shadid
                                                    United States District Judge

5