E-FILED
Tuesday, 09 June, 2026  04:19:44 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

ANTHONY BOYCE,

    *Plaintiff,*

v.

ASHLEY COX, *et al.,*

    *Defendants.*

Case No. 3:23-cv-03175-RLH

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Western Illinois Correctional Center ("Western"). (Doc. 112). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

## ALLEGATIONS

Plaintiff files suit against Ashley Cox (dental assistant at Western) and Dr. Francis Cantino (dentist at Western).

Plaintiff alleges he was incarcerated at Pontiac Correctional Center ("Pontiac") before he was transferred to Western. While incarcerated at Pontiac, Plaintiff complained of severe pain in his mouth, gums, and teeth. Plaintiff was referred to a specialist at University of Illinois Chicago ("UIC") Hospital and diagnosed with blocked salivary glands. Plaintiff was prescribed Biotene mouthwash to prevent pain, tooth decay, dry mouth, and cavities.

When Plaintiff arrived at Western, he began experiencing severe pain when he ate. Plaintiff alleges he informed Defendants Dr. Cantino and Cox that a specialist at UIC Hospital diagnosed him with blocked salivary glands and prescribed Biotene mouthwash. Defendants allegedly refused to give Plaintiff mouthwash. Plaintiff also alleges Defendants refused to provide teeth cleanings. Plaintiff states he did not have his teeth cleaned from November 21, 2021 until November 21, 2025. Due to the denial of Biotene mouthwash and teeth cleanings, Plaintiff alleges he developed cavities, abscesses, and holes in his teeth and some of his teeth had to be extracted. Plaintiff alleges Defendants delayed filling his cavities, causing needless pain.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and

a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. The Seventh Circuit has recognized that dental care, specifically, is "one of the most important medical needs of inmates." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). "Not all dental pain qualifies as objectively serious under this standard. Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019) (citing *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)).

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

3

Based on his allegations, the Court finds that Plaintiff has stated an Eighth Amendment claim against Defendants Dr. Cantino and Cox based on their alleged deliberate indifference to Plaintiff's serious dental needs.

**PLAINTIFF'S MOTION TO SEEK SETTLEMENT (DOC. 113) AND DEFENDANTS' MOTION TO STRIKE (DOC. 114)**

On May 19, 2026, Plaintiff filed a Motion to Seek Settlement stating that he would like to settle this case. (Doc. 113). Defendants' position is unknown. If the parties believe a settlement conference would be fruitful, they may file an agreed motion for settlement conference. The Court will then refer this matter to a Magistrate Judge for a settlement conference. Plaintiff's Motion to Seek Settlement is DENIED.

On June 2, 2026, Defendants filed a Motion to Strike asking the Court to strike Plaintiff's Motion to Seek Settlement because he attached discovery requests to his Motion. (Doc. 114). The Court declines to strike Plaintiff's Motion. However, Plaintiff is admonished that discovery requests and responses are not filed with the Court. Plaintiff must serve his discovery requests upon defense counsel. Defendants' Motion to Strike is DENIED.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment claim against Defendants Dr. Francis Cantino and Ashley Cox based on their alleged deliberate indifference to Plaintiff's serious dental needs. Additional claims shall not

4

be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)　Plaintiff's Motion to Seek Settlement [113] and Defendants' Motion to Strike [114] are DENIED.

3)　Defendants already filed a Waiver of Service of Summons. No waivers need to be issued.

4)　Defendants are DIRECTED to file an answer to Plaintiff's Amended Complaint within 21 days of this Order.

5)　Defense counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defense counsel shall arrange the time for the deposition.

6)　Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

7)　The deadlines in the Amended Scheduling Order (Doc. 104) remain in effect. Discovery closes on October 9, 2026. Summary judgment motions are due on November 9, 2026.

*So ordered.*

Entered this 9th day of June 2026.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge

5