E-FILED
Thursday, 05 November, 2026 04:21:22 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| ANTHONY BOYCE,<br><br>*Plaintiff*,<br><br>v.<br><br>ASHLEY COX, *et al.*,<br><br>*Defendants*. | Case No. 3:23-cv-03175-RLH |

## ORDER

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging Defendants Catino and Cox were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment while he was incarcerated at Western Illinois Correctional Center. (Docs. 112, 115). Before the Court is Plaintiff's Motion to Compel (Doc. 148), Motion to Notify the Court Respectfully (Doc. 155), Motion for Summons/Subpoenas (Doc. 158), Motion for Stay of Advance (Doc. 159), Motion for Leave to File Motion for Summary Judgment (Doc. 160), Motion for Sanctions (Doc. 161), Amended Motion for Sanctions (Doc. 163), Motion to Attempt to Settle this Case (Doc. 165), and Motion for Subpoena for a Non-Party (Doc. 166).

## ANALYSIS

### I. Motion to Compel

On September 16, 2026, Plaintiff filed a Motion to Compel. (Doc. 148). Plaintiff asserts the Amended Scheduling Order notified Defendants "to ha[n]d over medical

records omitted dental record from 2021 Nov to July 2026 . . . ." (Doc. 148 at p. 1). The Amended Scheduling Order does not include this statement. (Doc. 104).

On October 21, 2026, Defendants filed a Response to Plaintiff's Motion. (Doc. 162). Defendants state they issued subpoenas for Plaintiff's updated records. On August 31, 2026, Defendants served their first supplemental disclosures upon Plaintiff, which included the records they received in response to their subpoenas. (Doc. 141). Defendants state they contacted Illinois River Correctional Center ("Illinois River") to confirm all records were sent.

Plaintiff also asks the Court to order Defendants to respond to his First Set of Discovery Requests. (Doc. 148 at p. 4). Plaintiff served the discovery requests upon Defendants on September 1, 2026. When Plaintiff filed his Motion to Compel, the deadline for Defendants to respond to Plaintiff's discovery requests had not lapsed. Thus, Plaintiff's Motion was premature and improper. Subsequently, the Court granted Defendants an extension until November 2, 2026, and a second extension until November 6, 2026, to respond to Plaintiff's discovery requests. (d/e 154; d/e 173). Plaintiff's Motion is DENIED.

On October 29, 2026, Plaintiff filed an unauthorized Reply to Defendants' Response. (Doc. 167). Under Local Rule 7.1(B)(3), "[a] reply to the response is only permitted with leave of Court. The motion for leave must be filed within 7 days after service of the response and include the proper reply as an exhibit." Civil LR 7.1(B)(3). Plaintiff did not seek leave to file a Reply. The Clerk is directed to strike the Reply.

## II. Motion to Notify the Court Respectfully

On October 8, 2026, Plaintiff filed a Motion to Notify the Court Respectfully stating that he received the Court's Order to extend the discovery deadline. (Doc. 155). Plaintiff asserts that "Defendants manufactured dental and grievances in this case . . . [and it] could be a potential waste of Court resources to keep continuing this case." (Doc. 155 at pp. 2-3). Plaintiff asks the Court to "view remedies in hearing the summary judgment [Plaintiff] has moved for please." *Id.* at p. 3. It is unclear what relief Plaintiff is seeking. Plaintiff's Motion is DENIED.

## III. Motion for Summons/Subpoenas

On October 8, 2026, Plaintiff filed a Motion for Summons/Subpoena requesting a subpoena for the following individuals to testify at trial: (1) a supervisor or employee from John Howard Association to testify about dental care at Western, (2) Senator Ted Cruz or his staff to testify about investigations against Wexford Health Sources; (3) Governor J.B. Pritzker or his staff to testify about a letter Plaintiff wrote; (4) Defendant Cox, (5) Defendant Dr. Catino, and (6) a specialist who examined Plaintiff at UIC Hospital in 2014. (Doc. 158). This case has not been set for trial. Therefore, Plaintiff's request for subpoenas is premature. Plaintiff's Motion is DENIED.

## IV. Motion for Stay of Advance

On October 8, 2026, Plaintiff filed a Motion for Stay of Advance stating that he has limited access to the law library at Illinois River. (Doc. 159). Without access to the law library, Plaintiff states he is unable to scan and file documents. Plaintiff asks the Court to "hold this summary judgement motion in advance." (Doc. 159). It is

unclear what relief Plaintiff is seeking. The dispositive motion deadline is December 9, 2026. If Plaintiff needs additional time to meet deadlines, he may file a motion for extension of time. Plaintiff's Motion is DENIED.

## V. Motion for Leave to File Motion for Summary Judgment

On October 8, 2026, Plaintiff filed a Motion for Leave to File Motion for Summary Judgment requesting permission to file a Motion for Summary Judgment against Defendants. (Doc. 160). Plaintiff asks the Court to order Defendants to "follow Local Rules timelines." (Doc. 160 at p. 2). Defendants did not file a response. Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's request to file a Motion for Summary Judgment is GRANTED. The Clerk is directed to file Plaintiff's Motion for Summary Judgment and the accompanying exhibits. Plaintiff's request to require Defendants to file a response to his Motion for Summary Judgment within 21 days is DENIED. Discovery does not close until November 9, 2026, and dispositive motions are due on December 9, 2026. Defendants are directed to file their response to Plaintiff's Motion for Summary Judgment on or before December 9, 2026.

## VI. Motion for Sanctions and Amended Motion for Sanctions

Plaintiff filed a Motion for Sanctions on October 16, 2026, and an Amended Motion for Sanctions on October 22, 2026. (Docs. 161, 163). Defendants filed a Response in opposition on November 4, 2026. (Doc. 174). In both Motions, Plaintiff argues Defendants manipulated and manufactured evidence they knew was false and committed perjury. Plaintiff does not cite any statute, federal rule, case law, or other legal authority to support his assertion that sanctions are warranted. The exhibits

Plaintiff attached to his Motions fail to demonstrate that his medical and dental records were falsified or that defense counsel committed perjury. The Court finds that there is no basis for imposing sanctions against Defendants or defense counsel. Plaintiff's Motions are DENIED.

**VII. Motion to Attempt to Settle this Case**

On October 29, 2026, Plaintiff filed a Motion to Attempt to Settle this Case. (Doc. 165). Plaintiff states he would like to settle this case for $3,000,000 and will give each Defendant $100,000 toward the deductible for their insurance policy. Alternatively, Plaintiff states he will accept a "quiet secret settlement" of $2,000,000. (Doc. 165 at p. 2). It does not appear that a settlement conference would be fruitful. Therefore, Plaintiff's Motion is DENIED. The parties may request a settlement conference by filing an appropriate motion with the Court.

**VIII. Motion for Subpoena for a Non-Party**

On October 29, 2026, Plaintiff filed a Motion for Subpoena for a Non-Party asking the Court to order the Healthcare Unit Administrator at Illinois River to immediately send him to an outside hospital to be seen for his dental and medical issues. (Doc. 166). The Court cannot order a non-party to take specific action. The Illinois Department of Corrections, not this Court, has the authority to direct or deny an inmate's specific medical treatment or consultations with outside doctors or hospitals. *See Perez v. Fenoglio*, 792 F.3d 768, 780-81 (7th Cir. 2015). Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion to Compel (Doc. 148) is DENIED.

2) The Clerk is DIRECTED to STRIKE Plaintiff's unauthorized Reply (Doc. 167) to Defendants' Response to Plaintiff's Motion to Compel.

3) Plaintiff's Motion to Notify the Court Respectfully (Doc. 155) is DENIED.

4) Plaintiff's Motion for Summons/Subpoenas (Doc. 158) is DENIED.

5) Plaintiff's Motion for Stay of Advance (Doc. 159) is DENIED.

6) Plaintiff's Motion for Leave to File Motion for Summary Judgment (Doc. 160) is GRANTED IN PART and DENIED IN PART. The Clerk is DIRECTED to file Plaintiff's Motion for Summary Judgment (*id.* at pp. 7-46) and the accompanying exhibits (*id.* at pp. 47-107). Defendants are ordered to file a response to Plaintiff's Motion for Summary Judgment on or before December 9, 2026.

7) Plaintiff's Motion for Sanctions (Doc. 161) is DENIED.

8) Plaintiff's Amended Motion for Sanctions (Doc. 163) is DENIED.

9) Plaintiff's Motion to Attempt to Settle this Case (Doc. 165) is DENIED.

10) Plaintiff's Motion for Subpoena for a Non-Party (Doc. 166) is DENIED.

*So ordered.*

Entered this 5th day of November 2026.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge